UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ALVIN NELSON,

        Plaintiff,          Case No. 2:25-cv-83

v.          Honorable Maarten Vermaat

UKNOWN VRABEL et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's official capacity and Eighth Amendment medical care claims. Plaintiff's Eighth Amendment excessive force and failure to intervene claims against Defendants in their personal capacities remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP staff in their official and personal capacities: Sergeant

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Unknown Vrabel; Registered Nurse Jessica Wright; Registered Nurse Gabriel Hacker, Registered Nurse Chad Hewitt; Registered Nurse Michael Grant; Registered Nurse Katherine Dow; Lieutenant Unknown Havenor; Lieutenant Unknown Burnett; and Lieutenant Unknown Neubecker.

Plaintiff alleges that, on July 16, 2024, Defendant Vrabel "and his move team" moved Plaintiff to "E-Block Base #16" and, even though Plaintiff was compliant, put Plaintiff in restraints. (Compl., ECF No. 1, PageID.4.) Plaintiff remained in restraints for two days, unable to move or use the restroom, and was forced to lie in his own urine and feces. (*Id.*) Defendants Havenor, Neubecker, and Burnett each performed "mandatory 4[-]hour restraint checks" but refused to remove Plaintiff's restraints. (*Id.*)

Plaintiff also alleges that, while restrained, he complained of back pain and the inability to use the restroom, but Defendants Wright, Hacker, Dow, Grant, and Hewitt failed to "adequately provide medical aid" or intervene to loosen Plaintiff's restraints. (*Id.*)

Plaintiff brings claims against Defendants for violation of his Eighth Amendment rights. (*Id.*) He seeks monetary relief. (*Id.*, PageID.5.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Official Capacity Claims

Plaintiff sues Defendants in their official and personal capacities. (ECF No. 1, PageID.2–3.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*,

438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g., Lapides*, 535 U.S. at 617. Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities, and he fails to state a claim against Defendants in their official capacities upon which relief can be granted.

   **B.**  **Eighth Amendment Excessive Force and Failure to Intervene Claims**

Plaintiff alleges that Defendant Vrabel used excessive force against him by placing him in restraints, and that the remaining Defendants failed to intervene to prevent the continued use of excessive force.

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under

6

common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

7

Plaintiff alleges that Defendant Vrabel placed Plaintiff in restraints even though Plaintiff was being compliant and left him there for two days without any ability to use the restroom. (ECF No. 1, PageID.4.) Plaintiff also alleges that the remaining Defendants each saw Plaintiff in restraints at some point during the two days that Plaintiff remained restrained. (*Id.*) He claims that each Defendant either saw that Plaintiff was in restraints that "were so tight [he] was unable to use the restroom" or that he complained to the Defendant about his "inability to use the restroom." (*Id.*)

While the use of restraints does not necessarily violate the Eighth Amendment, restraining a compliant inmate in an uncomfortable position without access to the toilet for an extended period could rise to the level of an Eighth Amendment violation. *Compare Hartsfield v. Vidor*, 199 F.3d 305, 309–10 (6th Cir. 1999) (finding that the placement in hard top-of-bed restraints for 18 hours was not cruel and unusual punishment, where testimony and documentation showed that plaintiff was allowed adequate toilet breaks and water) *with Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (holding that restraining the nonresistant plaintiff behind his back for twelve hours, during which time he missed a meal, experienced pain, and was unable to access water or the restroom violated the Eighth Amendment). Therefore, taking Plaintiff's allegations as true as is required at this stage, the Court will allow Plaintiff to proceed with his Eighth Amendment claims for excessive force and failure to intervene against Defendants in their personal capacities.

### C.     Eighth Amendment Medical Care Claims

Plaintiff further alleges that he complained to Defendants Wright, Hewitt, Hacker, and Dow about "back pain," but that these Defendants failed to provide Plaintiff with adequate medical care. (ECF No. 1, PageID.4.)

"The Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cnty.*, 975 F.3d

8

554, 566 (6th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rhinehart v. Scutt*, 894 F.3d 721, 736–37 (6th Cir. 2018); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore*, 390 F.3d at 899; *see Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867

9

(6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

First, as to the objective component, the Sixth Circuit has recognized that "extreme pain due to [a] back condition" can constitute "an objectively serious medical condition." *Murphy v. Grenier*, 406 F. App'x 972, 975 (6th Cir. 2011). However, courts have also recognized that garden variety back pain, without more, does not constitute a serious medical need. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding that the plaintiff's "skin, back, stomach, and other alleged ailments" did not constitute a serious medical need); *Billizone v. Jefferson Parish Corr. Ctr.*, No. 14-1263-SS, 2014 WL 7139636, at *3 (E.D. La. Dec. 15, 2014) (concluding that the plaintiff's back pain caused by disc erosion did not rise to the level of a serious medical need); *Veloz v. New York*, 339 F. Supp. 2d 505, 522–26 (S.D.N.Y. 2004) (finding that the plaintiff's back pain and arthritis did not constitute a serious medical condition). Accordingly, the Court does not doubt that back pain *could* constitute a serious medical condition. However, Plaintiff states only that he experienced "back pain" and has "back issues to this day;" he does not elaborate further. Plaintiff's complaint does not include any facts regarding the strength or character of Plaintiff's pain, whether his back pain interferes with his ability to perform daily activities, or any other facts from which the Court could infer the severity of Plaintiff's medical condition. Therefore, the Court cannot infer based on the sparse allegations in Plaintiff's complaint that Plaintiff's alleged back condition rises to the level of a sufficiently serious medical condition.

Moreover, as it pertains to the subjective component, Plaintiff fails to allege sufficient facts to plausibly suggest that each individual Defendant possessed a sufficiently culpable state of mind. As discussed above, Plaintiff fails to identify when he encountered each individual Defendant, what he told each Defendant, and what each Defendant knew and observed about Plaintiff's condition or need for medical treatment. Therefore, for each of the foregoing reasons, the Court will dismiss Plaintiff's Eighth Amendment medical care claim against Defendants Wright, Hewitt, Hacker, and Dow for failure to state a claim upon which relief can be granted.

## Conclusion

Having conducted the review required by the PLRA, the Court determines the following claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

Plaintiff's official capacity and Eighth Amendment medical care claims. Plaintiff's Eighth Amendment excessive force and failure to intervene claims against Defendants in their personal capacities remain in the case.

An order consistent with this opinion will be entered.

Dated:   May 21, 2025                             /s/ *Maarten Vermaat*
                                                        Maarten Vermaat
                                                        United States Magistrate Judge